IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROQUE DE LA FUENTE, BEVERLY KENNEDY, and AMERICAN DELTA PARTY,<br><br>    Plaintiffs,<br><br>v.<br><br>CARLOS CASCOS, in his official capacity as TEXAS SECRETARY OF STATE | )<br>)<br>)<br>)  Civil Action No. 1:16-cv-01047<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION**

COME now the Plaintiffs, and for their cause of action against the Defendant, allege and state as follows, to-wit:

### I.  PARTIES

1. Plaintiff Roque De La Fuente, an individual, is a declared independent candidate for the office of President of the United States and will be eligible to be sworn in as President on January 20, 2017. He is a resident of the State of Florida. As of the date of this complaint, Mr. De La Fuente has qualified for the ballot in 18 states. In five states he will appear on the general election ballot as the candidate for President of the American Delta Party, in two states he will appear on the general election ballot as the candidate for President of the Reform Party of the United States, and in eleven states he will appear on the general election ballot as an independent candidate for President.

2. Plaintiff Beverly Kennedy, an individual, is a resident of the State of Texas, a registered voter in Texas, and desires to vote for Plaintiff De La Fuente in the year 2016 Presidential Election.

3. The American Delta Party, an unincorporated association, is a national political party. Plaintiff Roque De La Fuente is the presidential nominee of the American Delta Party.

4. Defendant Carlos Cascos, an individual, is joined in his capacity as the current Secretary of State of the State of Texas, and as such is responsible for enforcing, interpreting and upholding Texas laws pertaining to the conduct of elections, voter registration and ballot access and the recognition of independent candidates for President and write-in candidate for President and their ballot status in Texas pursuant to V.T.C.A., Election Code §§192.032, 192.033, and 192.036. The Secretary of State has his office in the Texas State Capitol Building, Room 1E.8, Austin, Texas, 78701, and may be served with process at that location.

## II. JURISDICTION AND VENUE

5. This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 1367, 2201, and 2202, and Title 42, United States Code, § 1983. Venue of this Court is invoked pursuant to Title 28, United States Code, § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution and Sections 3, 3a, and 8 of Article 1 of The Texas Constitution.

## III. CONDITIONS PRECEDENT

6. All conditions precedent to this lawsuit have been performed or have occurred.

## IV.   INTRODUCTION

7. This proceeding seeks a judgment declaring V.T.C.A., Election Code §§146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.032(h) and 192.036, facially, and if not facially, as applied herein to the Plaintiffs for the 2016 Texas General Election and all subsequent General Elections in the State

of Texas and the facts and circumstances relating thereto, unconstitutional in that they violate facially, and if not facially, in their application to the Plaintiffs herein for the 2016 Texas General Election, and all subsequent Texas General Elections, the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, §1983.

8.  This proceeding also seeks an injunction, both preliminary and permanent, against the Defendant Secretary of State and his agents and employees, prohibiting the Defendant from following and enforcing the provisions of V.T.C.A. Election Code §§146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.032(h) and 192.036, against the Plaintiffs herein for the 2016 Texas general election, and all subsequent Texas general elections, so as to serve to prevent the listing on the Texas ballot of Plaintiff Roque De La Fuente as an independent candidate for President of the United States, and ordering said Defendant to place the name of Roque De La Fuente and his Vice Presidential running mate on the Texas ballot for the General Election in 2016, or in the alternative, to <u>certify</u> the name of Roque De La Fuente and his Vice Presidential running mate for placement on the list of write-in candidates for the office of President and Vice-President, respectively, and in either instance, as applicable, accept the list of names and addresses presidential elector candidates submitted by Mr. De La Fuente.

V.   STATUTES IN QUESTION

9.  The laws which are constitutionally questioned are as follows:

**V.T.C.A., Election Code §146.025**

**Filing Period.**

(a)   Except as otherwise provided by this code, a declaration of write-in candidacy:

(1) must be filed not later than 5 p.m. of the 78th day before general election day;

**V.T.C.A., Election Code §192.032. Independent Candidate's Entitlement to Place on Ballot.**

- (a) To be entitled to a place on the general election ballot, an independent candidate for president of the United States must make an application for a place on the ballot.

- (b) An application must:

    (1) comply with Section 141.031, except that:

    (B) the application must contain the applicable information required by Section 141.031(a)(4) with respect to both the presidential candidate and the running mate;

    (3) be accompanied by:

    (A) a petition that satisfies the requirements prescribed by Section 141.062; and

    (B) written statements signed by the vice-presidential candidate and each of the presidential elector candidates indicating that each of them consents to be a candidate.

- (c) The application must be filed with the secretary of state not later than the second Monday in May of the presidential election year.

- (d) The minimum number of signatures that must appear on the petition is one percent of the total vote received in the state by all candidates for president in the most recent presidential general election.

- (f) The following statement must appear at the top of each page of the petition: "I did not vote this year in a presidential primary election."

- (g) A signature on the petition is invalid if the signer:

    (1) signs the petition on or before the date of the presidential primary election in the presidential election year; or,

    (2) voted in a presidential primary election during the presidential election year.

- (h) A candidate in a presidential primary election is ineligible to be an independent candidate for president or vice-president of the United States in the succeeding general election.

**V.T.C.A., Election Code §192.036. Write-in Candidate.**

 (a) With respect to a write-in candidacy for the office of president of the United States, this section supersedes Subchapter B, Chapter 146, to the extent of any conflict.

 (b) A declaration of write-in candidacy for president must satisfy the requirements prescribed by Section 192.032(b) for an independent presidential candidate's application for a place on the ballot, except that a petition is not required.

 (c) The certification for placement on the list of write-in candidates must include the names of both the presidential candidate and the vice-presidential candidate.

## VI. BACKGROUND

### A. Unconstitutional Additional Requirement

10. Plaintiff De La Fuente has exerted great effort to find a place on the Texas ballot as a candidate for President. Mr. De La Fuente first ran to secure delegates to the Democratic national convention in the Texas Democratic Presidential Primary. He came in third behind Hillary Clinton and Bernie Sanders. Although V.T.C.A. Election Code §192.032(h), which states that "[a] candidate in a presidential primary election is ineligible to be an independent candidate for president or vice-president of the United States in the succeeding general election", would seem to prevent Mr. De La Fuente from running as an independent, this provision, among other things, violates the rule that states cannot add a requirement for candidates for Federal elective office which is not found in the Constitution of the United States.

11. In addition, V.T.C.A., Election Code §192.032(h) requires an individual contemplating running for President to determine [unduly early] whether to run as an independent for the general election, even though parties such as the Democrat and Republican need not reveal their nominees until after their national nominating convention. Presidential primaries are ultimately not binding on such parties; for example, in the event of deadlock at a national nominating convention, such

parties can nominate an individual who has not even announced candidacy before the convention, and nothing bars the State of Texas from allowing such a candidate to appear on the ballot. This impacts V.T.C.A., Election Code §192.032(h) because, as explained below, the true candidates in presidential primaries are not individual candidates for President, but rather delegates to national nominating conventions. Therefore, and for the additional reasons described in detail in <u>Plaintiffs' Brief in Support of Complaint and Motion for Preliminary Injunction</u>, V.T.C.A., Election Code §192.032(h) should be no bar to a De La Fuente independent candidacy for President.

   B.  <u>**Unconstitutional Texas Ballot Access Laws**</u>

12. The real bar to the De La Fuente independent candidacy for President is the set of unconstitutional ballot access laws in Texas faced by Mr. De La Fuente. In particular, V.T.C.A., Election Code §§192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), and 192.032(g) create an unduly difficult process of qualifying as an <u>independent presidential candidate</u>. Therefore, the supporters of Plaintiff De La Fuente in Texas were unable to marshal their resources in such a manner as to conduct a successful petition drive in Texas and to also achieve ballot status in the other states and the District of Columbia.

13. In order to appear on the November general election ballot as an <u>independent candidate</u> for President, V.T.C.A., Election Code §§192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), and 192.032(g) require a candidate to file with Defendant Secretary of State no later than the second Monday in May an application for a place on the ballot bearing the signature of both the candidate for President and the candidate for Vice-President, along with a petition bearing the signatures of registered Texas voters equal in number to 1% of the vote in the last presidential election in Texas. No signature is valid either if made by a person who voted in the presidential primary which falls on the first Tuesday in March

or if made before that day. For election year 2016, because the first day a signature may be validly affixed to the petition is March 2, and because the petition must be filed no later than May 9, a candidate has only 68 days to gather 79,939 valid signatures. This is obviously an undue burden to independent presidential candidates seeking access to the Texas ballot.

C. **Unconstitutional Early Deadline**

14. The due date for the Texas independent presidential candidate petition is by far the earliest in the nation. Forty-five states and the District of Columbia have presidential petition deadlines in July, August, September, or later in presidential election year.  (Affidavit of Richard Winger, Appendix B.) **The courts routinely hold that even June deadlines are too early**. Some state deadline necessarily has to be the first in the nation, but no state deadline should be unconstitutionally early. The early Texas deadline places an undue, unreasonable, and unjustified burden on independent presidential candidates.  There is no reason, much less any compelling, state interest in an early May presidential deadline in Texas as it applies to independent presidential candidates. This early deadline makes an unnecessary distinction and discriminates in favor of major political party presidential candidates, who need not be certified to the state until late August at the earliest.

15. Even compared to the law governing petitioning for minor party ballot access, the Texas ballot access laws for independent candidate for President are unconstitutional. The deadline of the second Tuesday in May, unconstitutionally early standing by itself, is one week before the date (this year, May 16, 2016) required for petition signatures to be turned in by new political parties in order to allow all their candidates to appear on the general election ballot.  New party candidates for president need not file a declaration of intent on January 2, unlike new party candidates for other offices, but, rather the names of such candidates, pursuant to V.T.C.A. § 192.031, are due

the later of 5 p.m. of the 71st day before presidential election day or 5 p.m. of the first business day after the date of final adjournment of the party's national presidential nominating convention, just as is the case with major party candidates for President. Consequently, even the statutory scheme regulating new party ballot access discriminates against independent candidates.

16. The context of a presidential election requires heightened scrutiny by this Court. While a burden might not be severe in the context of restrictions involving non-presidential elections, given that the real general election competition for an independent presidential candidate is the major and new party candidates nominated as late as September, there is no need for the general election to begin for an independent candidate in May.

17. Even the state interest of voter education is different for presidential elections. Voter education for the general election does not begin until the general election contest begins; such state interest does not begin in the spring when voters are thinking about intra-party primary contests. Finally, a declaration of intent is required for all state wide party candidates on January 2 of the election year--except for presidential candidates. Thus, Texas law provides major and new party presidential general election candidates a filing date which is <u>nearly three months</u> later than the filing date for independent presidential candidates, but without any reasonable justification for the disparate treatment of the candidates.

18. The Texas ballot access laws complained of herein, facially, and if not facially, as applied to the Plaintiffs, set an unconstitutional early deadline even without regard to independent candidates for other offices. However, the deadline for independent candidates for other offices, set out in V.T.C.A. § 142.006, requires the petitions for such candidates to be filed 30 days after the May 24, 2016 run-off primary for state and county offices other than President. In 2016 this date is June 23, 2016. Texas is the only state that has an earlier independent presidential petition

deadline than a non-presidential independent petition deadline. The number of signatures required for independent candidate for president for 2016 (79,939, 1% of the total vote cast for President in the immediately preceding presidential election), is also significantly higher than the signatures required for other (non-presidential)_statewide independent candidates, which is calculated from 1% of the total vote cast for governor at the immediately preceding gubernatorial election. In 2016, the required number of signatures for other statewide independent candidates is 47,086. United States Supreme Court authority is clear that presidential elections are of nationwide importance, that laws governing such elections in one state have an impact on the election in other states, and that therefore state ballot access laws governing independent presidential candidates must treat such candidates more favorably than the state ballot access laws governing independent candidates for state offices. See *Anderson v. Celebrezze*, 460 U.S. 780 (1983) at 794-795.

### D. Unconstitutional Signature Requirement

19. The high signature requirement of 79,939 in Texas, coupled to such an early due date make the ballot qualification process for an independent candidate for President unconscionably difficult. However, the Texas statutory regime is made even more difficult by the fact that a signature is invalid if provided by a voter who participated in a presidential preference primary-- exactly the civic minded voter who regardless of political affiliation is most likely to see the need for a robust palate of candidates and hence is likely sign an independent candidate petition. These difficulties mean that an independent presidential candidate should aim for around 160,000 raw signatures. To make matters still worse, the time frame to gather what in effect is likely to be in excess of 160,000 raw signatures is brutally short. In 2016 the first day to gather valid signatures was March 2. This means that candidates had a mere 68 days during which to gather around 160,000 signatures. This works out to over 2,350 signatures a day.

E.  **Summary of Unconstitutional Independent Ballot Access Laws**

20. The aforesaid early and discriminatory petition signature deadline in Texas for independent presidential candidates, coupled with the higher signature requirement, extremely short period of time to circulate, and rule that a signature is invalid if the signer voted in the presidential primary, forces an independent presidential candidate to demonstrate substantial support of a higher amount, during a shorter petitioning time, and at an earlier date, than that required for major political parties and new political parties seeking recognition as new political parties in Texas for their nominees for President and for other state and federal offices. Given the difficulties imposed upon Plaintiff De La Fuente by these unconstitutional laws, he is left, absent relief from this Court, with the option of trying to qualify as a write-in candidate.

F.  **Unconstitutional Texas Write-In Requirement**

21. Plaintiff De La Fuente did timely file a Declaration of Write-in Candidacy and all related forms in full compliance with Chapter 146 of the Texas Election Code by causing to be deposited in the United States mail, as permitted by V.T.C.A., Election Code §1.008, on August 22, 2016 packages containing same which were properly addressed to the Secretary of State, but was informed by a letter from the Director of Elections at the Texas Secretary of State that his candidate for Vice President did not sign the Declaration of Write-in Candidacy and that the presidential elector candidate forms were not received. (*See* attached Exhibit A) In a subsequent phone call on September 5, 2016, the Director of Elections then told him that the all forms had been duly executed and timely received, but that Mr. De La Fuente would nonetheless not be on the list of write-in candidates for President because V.T.C.A., Election Code §192.032(h) bars his inclusion on the write-in list given that he participated in the Democratic presidential primary. Despite

Plaintiff De La Fuente's timely compliance with the requirements of Chapter 146, he is resubmitting the documents.

22. Even if the Texas Secretary of State's original position were accurate, which is denied, V.T.C.A., Election Code §146.025(a)(1), which requires presidential candidates seeking write-in status to file a Declaration of Write-in Candidacy with the Texas Secretary of State no later than the 78th day before the general election, places an unconstitutional burden on write-in candidates for President in that it insufficiently serves state interest, particularly given that the name of a write-in candidate does not appear on the November general election ballot. Write-in restrictions which impose a burden on 1st and 14th Amendment rights might otherwise be permissible if the ballot access system provides for easy access to the ballot. Such is not the case with the Texas ballot access laws governing independent presidential candidates. And even the Texas Secretary of State's fall-back position is flawed. V.T.C.A., Election Code §192.032(h) is crystal clear, constitutionality aside. Again, it states, "A candidate in a presidential primary election is ineligible to be an independent candidate for president or vice-president of the United States in the succeeding general election." A write-in candidate for President is not an independent candidate for President. V.T.C.A., Election Code §192.032, including subsection (h), deals with independent candidates for President. Write-in candidates for President are covered by V.T.C.A., Election Code §192.036. Had the legislature intended V.T.C.A., Election Code §192.032(h) to cover write-in candidates, it would have stated that a candidate in a presidential primary election is ineligible to be an independent *or write-in* candidate for president or vice-president of the United States in the succeeding general election."[1] In addition, an independent candidate appears on the ballot if (s)he qualifies under V.T.C.A., Election Code §192.032; a write-in candidate does not appear on the

---

[1] Much as Ohio has done in Ohio Revised Code 3513.257 (c).

ballot. Laws which restrict voters from casting a ballot for the candidate of their choice are to be narrowly construed. Consequently, Defendants must accept either the original or the resubmitted documents, and Plaintiff De La Fuente must be included on the list of write-in candidates for the office of President if this Court does not order Defendants to place the name of Roque De La Fuente on the 2016 Texas general election ballot as an independent candidate for President of the United States.

### VII.     DECLARATORY JUDGMENT AND PRELIMINARY AND PERMANENT INJUNCTION

23. Because of the aforesaid discrimination, unnecessary distinctions, and hardships, Texas law set forth in V.T.C.A., Election Code §§146.025(a)(1), 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.032(h), and 192.036, effectively cuts off serious and important candidates from appearing on the Texas ballot and transforms the petitioning process from a way to demonstrate popular support into a race to meet an arbitrary, discriminatory, and unnecessarily early deadline.  At present, Texas' deadline for independent presidential candidates is the earliest in the United States and makes an unnecessary distinction and unconstitutionally discriminates in favor of new political party presidential candidates as opposed to independent presidential candidates.  As described in this Complaint and in Plaintiffs' Brief in Support of Complaint and Motion for Preliminary Injunction these laws are unconstitutional in that they place an undue, unreasonable, and unjustified burden on independent presidential candidates, including Plaintiff De La Fuente, and are not narrowly drawn to serve any compelling state interest. On information and belief, Plaintiffs assert that absent intervention by this Court, Plaintiff candidates will not be on the ballot in Texas in the year 2016.

24. Defendant Secretary of State and his employees have and will exercise their authority under color of state law in enforcing the aforesaid State laws set forth above, as applied to the Plaintiffs herein for the 2016 Texas General Election, and the facts and circumstances relating thereto, in such a manner as to be in an unlawful, discriminatory, capricious, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, §1983 in that:

25. V.T.C.A. Election Code §§192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.032(h), and 192.036, facially and as applied to the Plaintiffs herein for the 2016 Texas General Election and all subsequent General Elections in Texas, and the facts and circumstances relating thereto, are illegal and unconstitutional, in that they violate the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, §1983. Accordingly, Plaintiffs request this Court declare the aforesaid Texas State laws unconstitutional.

26. These Texas statutes are not framed in the least restrictive manner necessary to achieve legitimate State interests in regulating ballot access for a Presidential election. The relatively earlier filing deadline for the current election year of May 9, 2016, shorter petitioning time, and higher number of required petition signature of 79,939 for independent presidential candidates, as opposed to the later petition signature deadline for the current election year of May 16, 2016, longer petitioning time, and lower petition signature requirement of 47,086 for recognition of new political parties and the rights granted major parties in Texas constitutes invidious discrimination against independent presidential candidates in violation of their rights and the rights of their potential supporters under the equal protection clause to the United States Constitution, their right to political association for advancement of political beliefs, and the right to cast their votes

effectively. Standing alone, the set of Texas laws pertaining to independent presidential candidates, the unsupportable early petition deadline, combined with the significantly higher signature requirement for independent candidates as opposed to new political party candidates, and other particular circumstances herein, establishes an unreasonable and undue burden on independent candidates for President of the United States seeking ballot access in Texas.

27. The consequences of the aforesaid unreasonable and discriminatory and higher petition signature requirement, lesser petitioning time, and early petition deadline, as complained of hereinabove, is that Plaintiff Candidate De La Fuente will fail to qualify for the General Election ballot for 2016 in Texas and voters in Texas will lose their ability to vote for him. Additionally, because votes cast for President of the United States are done in the context of a national election, voters outside Texas who cast their ballots for Roque De La Fuente will have their votes effectively diluted by the refusal of the Defendant to allow him on the Texas General Election ballot for 2016.

28. Plaintiffs herein, as a result and for the reasons set forth above, and because of the aforesaid state laws set forth above, will suffer immediate and irreparable harm in the event that the aforesaid complained of election laws are followed for the year 2016 and subsequent years—thus, denying the aforesaid candidate for President a place on the Texas Election ballot for 2016. Plaintiffs will thus be denied their rights to actively engage in the exercise of their free speech, right to political association, petition the government, seek redress of grievances, political candidacy, and equal protection and due process of the laws of the United States of America. Plaintiffs have no adequate remedy at law for the denial of their rights and the impairment of the Constitutional rights, privileges, and immunities enjoyed by citizens of the United States and the State of Texas, and, unless a preliminary injunction and permanent injunction are granted, Plaintiffs will suffer great and irreparable harm. Because of the reasons set forth above, Plaintiffs are substantially likely to

prevail on the merits of this matter. Further, while the hardship on Plaintiffs is great, the Defendant will suffer no undue hardship if the injunction issues. In addition, as described above the public interest weighs in favor of enjoining Defendant's conduct so voters may vote for the candidate of their choice. Plaintiffs are filing a motion for preliminary injunction contemporaneously with this complaint.

## VIII. PRAYER

29. WHEREFORE, Plaintiffs demand judgment:

1. Declaring that V.T.C.A. Election Code §§146.025, 192.032(a), 192.032(b)(1)(B), 192.032(b)(3)(A), 192.032(b)(3)(B), 192.032(c), 192.032(d), 192.032(f), 192.032(g), 192.032(h), and 192.036, facially, and if not facially, as applied to the Plaintiffs herein for the 2016 Texas General Election, and all subsequent Texas General Elections, and the facts and circumstances relating thereto, are illegal and unconstitutional, in that they violate the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, §1983, in that the aforesaid statues are not framed in the least restrictive manner necessary to achieve legitimate State interests in regulating ballot access, particularly as relating to the earlier petition signature deadline, petition signature number required, and petition signature time required of new political parties in Texas; and, therefore, the independent candidacy bar in § 192.032(h), the presidential filing deadline for independent and write-in candidates, petition signature time, and petition signature numbers required is unconstitutionally, discriminatorily, and unnecessarily early, stringent, and limited, respectively, as applied to independent presidential candidates in the State of Texas.

2. Entering preliminary and permanent injunctions restraining, prohibiting, and enjoining the Defendant Secretary of State, his agents and employees, and all persons in active concert and participation with him, from enforcing, applying, or implementing the aforesaid complained of State Election laws as to the unnecessary and discriminatory early filing deadline and higher petition signature requirement as applied to the instant Plaintiffs for 2016, and all subsequent Texas General Elections, and the facts and circumstances relating thereto.

3. Issuing writs of prohibition and mandamus to the Defendant Secretary of State, his agents and employees, and all persons in active concert and participation with them, ordering them not to take any action that would deny the Plaintiffs who are citizens of the State of Texas, or any other persons so inclined, the right to cast their votes for Roque De La Fuente for President of the United States, and ordering said Defendant to place the name of Roque De La Fuente and his Vice Presidential running mate, and her and his Presidential electors on the Texas ballot for the General Election in 2016, or in the alternative allow Roque De La Fuente and his Vice Presidential running mate, and her and his Presidential electors access to the ballot as write-in candidates.

4. Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. §1988; and

5. Granting Plaintiffs such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this 8th day of September, 2016.

                              Respectfully submitted,

**By:** */s/ Ryan M.T. Allen*
     Ryan M.T. Allen
     Texas Bar No. 24040414
     rallen@dallasbusinesslaw.com
     Ryan A. Starnes
     (*pending admission pro hac vice*)
     Texas Bar No. 24070669
     rstarnes@dallasbusinesslaw.com

     **FERGUSON BRASWELL & FRASER, P.C.**
     2500 Dallas Parkway, Suite 600
     Plano, Texas 75093
     **T**: 972-378-9111
     **F**: 972-378-9115

     -and-

     Matthew D. Sawyer
     (*pending admission pro hac vice*)
     Texas Bar No. 17693710
     matt@mattsawyerlegal.com
     1919 So. Shiloh, Suite 650 LB 25
     Garland, Texas 75042
     **T:**  972-840-0880
     **F:**  972-840-0881

     **ATTORNEYS FOR PLAINTIFFS**
     **ROQUE DE LA FUENTE, BEVERLY**
     **KENNEDY, and AMERICAN DELTA PARTY**