IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROQUE DE LA FUENTE, BEVERLY KENNEDY, and AMERICAN DELTA PARTY, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 1:16-CV-01047 |
| CARLOS CASCOS, in his official Capacity as TEXAS SECRETARY OF STATE, | § § § § § | |
| *Defendant.* | § § | |

### DEFENDANT'S ADVISORY REGARDING RECENT ELECTION LAW DECISION

TO THE HONORABLE COURT:

Defendant Carlos Cascos, in his official capacity as Texas Secretary of State, respectfully files this advisory alerting the Court to *Faas v. Cascos*, Case No. 4:16-cv-01299, Docket Entry No. 28 (S.D. Tex. Dec. 5, 2016), attached as Exhibit A. In *Faas*, the Honorable Sim Lake considered, and upheld, the constitutionality of many of the same provisions of Texas Election Code § 192.032 that are at issue in this case. Specifically, the plaintiffs in *Faas*—a declared independent candidate for President and a supporter of the candidate—challenged the provisions that "require independent presidential candidates to apply for a place on the ballot [TEX. ELEC. CODE § 192.032(a)], obtain signatures in support of their candidacies totaling at least one percent of the total vote received in the state by all candidates for president in the most recent presidential general election [TEX. ELEC. CODE § 192.032(d)], and file a completed application by the second

Monday in May of the presidential election year [TEX. ELEC. CODE § 192.032(c)]." Ex. A at 11.[1] As in this case, the plaintiffs in *Faas* contended that the "signature requirements and early deadline are unduly burdensome and discriminate against independent candidates." *Id.*; *see, e.g.*, Plaintiffs' Complaint, Docket Entry No. 1 ¶ 20. Rejecting these arguments, the court held that the Fifth Circuit's decision in *Nader v. Connor*, 388 F.3d 137 (5th Cir. 2004), was binding precedent on the court:

> Plaintiffs' arguments are analogous to those made by the plaintiffs in Nader. The portions of the Election Code addressed by the courts in Nader remain substantially unchanged since 2004. The Fifth Circuit's decision therefore binds this court. Because the only substantive difference between the circumstances of the plaintiffs in Nader is that the Plaintiffs in this case did not even submit a petition or attempt to gain ballot access through any method other than injunction, Plaintiffs' challenge fails as a matter of law.

*Id.* at 12.

Furthermore, the court upheld sections 192.032(f) and (g) of the Election Code, which prohibit individuals from voting in the presidential primary election and signing an independent candidate's petition in the same election year. The court noted that the Supreme Court upheld similar requirements in *American Party of Texas v. White*, 94 S. Ct. 1296, 1308 (1974), and that the "requirements for an independent candidate are reasonable and identical to those" for minor political-party candidates. *See* Ex. A at 12. Finally, the court upheld Texas's requirement that write-in candidates file a declaration of candidacy not later than 5 p.m. of the 78th day before general election day, TEX. ELEC. CODE § 146.025(a)(1), concluding that the deadline "is reasonable and applies equally to all candidates." Ex. A at 15.

---

[1] Plaintiffs challenge these provisions of section 192.032 in their Complaint. *See* Docket Entry No. 1 ¶ 7.

*Faas* provides further support that Plaintiffs' claims in this case fail as a matter of law. For these reasons and those stated more fully in the Motion to Dismiss, the Court should dismiss each of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

DATED:  December 6, 2016

Respectfully submitted:

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief - General Litigation

/s/  *Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov

***Counsel for Defendant***

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was served through the Court's EM/ECF system on December 6, 2016 to all counsel of record.

                                  /s/ *Michael R. Abrams*
                                  MICHAEL R. ABRAMS
                                  Assistant Attorney General